UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.:

JEREMY MURRAY,

            Plaintiff,

    -against-

MADISON SECURITY GROUP, INC.

            Defendant.
------------------------------------------------------------------X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, hereby complains of the Defendant MADISON SECURITY GROUP, INC. (hereinafter also referred to as "MADISON SECURITY" upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, *et seq.* ("Title VII"), and to remedy violations of the New York State Human Rights Law, New York State Executive Law, §§ 296 *et seq.* ("NYSHRL") and the New York City Human Rights Law, New York City Administrative Code §§ 8-107 *et. seq.* ("NYCHRL"), seeking damages to redress the injuries he has suffered as a result of being harassed and discriminated against by Defendant MADISON SECURITY on the basis of his race (African America) and sex, together with retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. § 1981, 42 U.S.C § 2000e, et seq. ("Title VII"), 28 U.S.C. §1331, §1343, and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

5. Venue is proper in the district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the Southern District of New York. 28 U.S.C §1391(b).

6. On June 16, 2023, Plaintiff filed his complaint with the Equal Employment Opportunity Commission ("EEOC").

7. On June 20, 2024, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

8. This Complaint is being timely filed within ninety (90) days of receipt of the Notice of Right to Sue.

**PARTIES**

9. Plaintiff is an African American male resident of the State of New York, County of Bronx.

10. At all times material, Defendant MADISON SECURITY was and is a foreign business corporation duly incorporated under the laws of the Commonwealth of Massachusetts.

11. At all times material, Defendant MADISON SECURITY was and is a foreign business corporation duly authorized, and which does, conduct business in the state of New York.

12. At all times material, Defendant MADISON SECURITY was and is a company that provides security services to residential buildings, with an office located at 2931 Westchester Avenue, Bronx, NY 10461.

13. At all times material, Plaintiff was an employee of Defendant MADISON SECURITY.

## MATERIAL FACTS

14. In or around November 2022, Plaintiff began working for Defendant MADISON SECURITY as a Security Officer.

15. Plaintiff was responsible for monitoring the lobby area of residential buildings, and making "rounds," to different areas of the buildings assigned to him to ensure safety.

16. At the beginning of his employment, Plaintiff was scheduled to work around forty (40) hours per week.

17. Throughout his employment, Plaintiff completed his duties satisfactorily.

18. On or about December 10, 2022, Plaintiff was stationed at the lobby of Grand Concourse Village, located at 780 Concourse Village West, Bronx, NY 10451.

19. While Plaintiff was at his post, a resident of the apartment complex (name currently unknown)[1] came downstairs to the lobby area.

20. When the resident saw Plaintiff, she began to sexually harass him, and make offensive comments about his race.

21. The resident started shouting loudly, "**You know I like black guys**," and "**Black guys have a big penis**."

22. Plaintiff was uncomfortable, and did not know how to respond to the resident.

23. The resident continued yelling, and said, "**Black man I want you to fuck me**."

24. The resident then left the building.

25. Plaintiff called the dispatch center of Defendant MADISON SECURITY to report the incident. Plaintiff spoke with Ms. Holloway (first name currently unknown), who informed Plaintiff that he would need to go to the main office to give an incident statement.

---

[1] This resident was an older Caucasian woman with short grey hair.

26. Plaintiff complied and reported to the main office located at 2931 Westchester Avenue, Bronx, NY 10461.

27. Once there, Ms. Holloway instructed Plaintiff to write his statement about the discrimination that he experienced. Plaintiff wrote:

> At around the time of 6:30 pm on December 10, 2022, I was sexually harassed by an elderly woman while I was on my signed post. She was shouting racial slurs and saying a lot of sexual unwanted things, she invaded my personal space while shouting sexual favors. I asked her to stop and if she can leave but she disregarded and proceeded with her statements. I started ignoring her and that's when she got closer. I backed up but there was a wall behind me. I couldn't walk away its like she had me backed in a corner it was very disturbing and highly unwanted to the highest degree possible. I notified dispatch about the situation and I do not feel secure working in that building.

28. After Plaintiff completed his statement, Ms. Holloway told Plaintiff they would look into his claims. Plaintiff was then sent home for the day.

29. However, in retaliation for making his complaints of race discrimination and sexual harassment, Plaintiff was immediately placed out of work for three (3) weeks, unpaid.

30. On or about January 5, 2022, Plaintiff received a call from Ms. Holloway, who informed him that he would be placed back on the schedule.

31. However, when Plaintiff checked the schedule, he noticed that he was assigned to the same site where he was previously sexually harassed and discriminated against by the resident. Plaintiff did not feel safe returning to this location.

32. Plaintiff let the HR Representative (name currently unknown)[2] know that he wanted to be placed at a different building, due to his experience with sexual harassment and discrimination at Grand Concourse Village.

---

[2] To Plaintiff's best recollection, this HR Representative is tall, with dark hair, and wears glasses.

33. While Defendant MADISON SECURITY was "looking," for a new post for Plaintiff, he was out of work *again* for two-to-three weeks.

34. In further retaliation, after Plaintiff complained, he was not placed at a permanent site, and was instead "floated," to different sites.

35. On several occasions, when Plaintiff reported to his assigned site, there would be another security guard already at the post.

36. In these instances, Plaintiff called dispatch. Often, a representative at dispatch sent Plaintiff home, and he would not be able to work, or be paid, for the day.

37. As a result of not having a permanent post, and in retaliation for his complaints, Plaintiff's hours were reduced from forty (40) hours per week, to around sixteen (16) to twenty-four (24) hours per week.

38. In or around the end of February 2023, Defendant MADISON SECURITY assigned Plaintiff to 820 East 180th Street, Bronx, NY 10460.

39. Plaintiff worked at this location successfully for three weeks.

40. While he was there, Plaintiff completed his rounds of the buildings, or "verticals."

41. Verticals consisted of patrolling his assigned buildings, and ensuring that no one was loitering in the hallways.

42. Performing verticals required Plaintiff to be away from the lobby for a brief period of time.

43. In or around the middle of March 2023, Plaintiff received another call from Ms. Holloway. This time, Plaintiff was instructed to report to the main office at 2931 Westchester Avenue, Bronx, NY 10461, but at the time, was not told the reason.

44. When Plaintiff arrived, the HR Representative for Defendant MADISON SECURITY was waiting for him.

45. The HR Representative instructed Plaintiff to read, review, and sign a piece of paper, that said Plaintiff was being terminated for being away from his post.

46. Plaintiff was confused, because before he had complained, he had never been written up or disciplined for leaving his post.

47. The only time Plaintiff left his post during the workday was to perform the "verticals," which were an essential part of his job responsibilities.

48. Because he knew these allegations were untrue, Plaintiff refused to sign the paper.

49. Plaintiff tried to explain to the HR Representative that the only time he was away from his post was during "verticals."

50. However, the HR Representative notified Plaintiff that Defendant MADISON SECURITY would still be moving forward with his termination.

51. Defendant MADISON SECURITY knew or should have known about the race discrimination that Plaintiff endured from the resident of Grand Concourse Village.

52. Defendant MADISON SECURITY would not have retaliated against Plaintiff but for his complaints of race discrimination.

53. As a result of Defendant MADISON SECURITY's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

54. As a result of Defendant MADISON SECURITY's discriminatory and intolerable treatment of Plaintiff, he suffered and continues to suffer severe emotional distress and physical ailments.

55. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

56. As Defendant MADISON SECURITY's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all Defendant MADISON SECURITY.

**AS A FIRST CAUSE OF ACTION
UNDER FEDERAL LAW
<u>42 U.S.C. SECTION 1981</u>**

57. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. 42 U.S.C. Section 1981 states in relevant part as follows:

   a. Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

   b. "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

59. Plaintiff was discriminated against because of his race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

60. Plaintiff also claims retaliation under 42 U.S.C. Section 1981.

**AS A SECOND CAUSE OF ACTION
UNDER TITLE VII
<u>DISCRIMINATION</u>**

61. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964; 42 U.S.C. Sections 2000e *et seq.*, as amended, for relief based upon the unlawful

employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race and/or sex.

63. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of his race and sex, together with unlawful termination.

### AS A THIRD CAUSE OF ACTION
### UNDER TITLE VII
### RETALIATION

64. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person before he has opposed any practices forbidden under this article…"

66. Defendant engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to terms, conditions, or privileges of employment because of his opposition to the unlawful employment practices of Defendant.

### AS A FOURTH CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's…sex… race … to refuse to hire or

employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

69. Defendant engaged in unlawful discriminatory practices by discriminating against the Plaintiff because of his race and sex, together with unlawful termination.

70. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK STATE HUMAN RIGHTS LAW
## RETALIATION

71. Plaintiff repeats, reiterates, and realleges each and every allegation made in above paragraphs of this Compliant as if more fully set forth herein at length.

72. The New York State Human Rights Law, New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person before he has opposed any practices forbidden under this article…"

73. Defendant engaged in unlawful and retaliatory discriminatory practice by wrongfully terminating, retaliating, and otherwise discriminating against Plaintiff because of his opposition to Defendant's unlawful employment practices.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

74. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. The New York City Administrative Code Title 8-107(1) provides that: "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived … race…sex… of any person, to refuse to hire or employ or to bar or to

9

discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

76. Defendant engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, §8-107 (1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race and sex, together with unlawful termination.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY HUMAN RIGHTS LAW
## RETALIATION

77. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

78. New York City Administrative Code §8-107(7) provides that:

> "It shall be an unlawful discriminatory practice for any person in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter …"

79. Defendant engaged in unlawful and retaliatory practice by wrongfully terminating, retaliating, and otherwise discriminating against the Plaintiff because he opposed Defendant's unlawful employment actions.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §1981, Title VII, the New York State Human Rights Law, and the New York City Human Rights Law, and that the Defendant harassed and discriminated against Plaintiff on the basis of his race and sex, together with retaliation and unlawful termination;

10

B. Awarding damages to Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff Punitive Damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, Punitive Damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: September 18, 2024
   New York, NY

By:   /s/Laura E. Bellini, Esq.
**Phillips & Associates, PLLC**
*Attorneys for Plaintiff*
Laura E. Bellini, Esq.
45 Broadway, Suite 430
New York, NY 10006
(212) 248-7431